UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>         Plaintiff,<br><br>v.<br><br>BADGER CO., LLC, et al.,<br><br>         Defendants. | Case No.: 18cv934-LAB (AGS)<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS** |

  Plaintiff Chris Langer filed his complaint, bringing claims under the Americans with Disabilities Act (ADA) and California's Unruh Civil Rights Act. Defendants Badger Co., LLC and David Gligora moved to dismiss for failure to state a claim, and for lack of jurisdiction, under Fed. R. Civ. P. 12(b)(1) and (6).

**Legal Standards**

  A Rule 12(b)(6) motion tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 547). A

claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Court need not accept legal conclusions couched as factual allegations. *See Twombly*, 550 U.S. at 555.

The Rule 12(b)(1) motion is a facial attack, asserting lack of Article III standing. As with a rule 12(b)(6) motion, the Court accepts the complaint's allegations as true, drawing all reasonable inferences in Plaintiff's favor, and determines whether the allegations sufficiently invoke the Court's jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

In ADA cases, the plaintiff must identify the barriers that constitute the grounds for his claims. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 (9th Cir. 2011). A plaintiff must also plead facts establishing Article III standing. *See Chapman*, 631 F.3d at 946–47. One of the standing requirements is that it must be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (discussing this requirement as part of standing analysis). It is not enough for a plaintiff to point out barriers that could affect people with disabilities similar to his; he must allege an actual, concrete injury to himself. *See Chapman*, 631 F.3d at 947 (explaining that a barrier will give rise to Article III standing only "if it affects the plaintiff's full and equal enjoyment of the facility on account of his particular disability").

Even if Defendants had not challenged jurisdiction, the Court would be under an independent obligation to confirm its own jurisdiction. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc). Jurisdiction is presumed to be lacking, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and the party invoking the Court's jurisdiction (here, Langer) must establish it. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016).

/ / /

## Discussion

The motion argues that most of Langer's allegations are conclusory, and unsupported by factual details. In many instances, the allegations are adequate. But in several key areas, the Court finds Defendants' arguments well-taken.

The complaint alleges that David Gligora operates Dave's Tavern, which is located on premises owned by Badger Co. This is adequate to show that Gligora could be liable for barriers within the tavern, and that Badger could be liable for barriers on the premises outside it (*i.e.*, in the parking lot). But no factual allegations plausibly suggest that Gligora operates or controls the parking lot, or that Badger operates or controls the interior of the tavern. The sole allegation is that the two are involved in a "joint venture and common enterprise" and therefore are "responsible in some capacity" for what the other one did or failed to do. (Compl., ¶ 6.) This is far too vague and conclusory to satisfy the pleading standard. *See Miller v. Peter Thomas Roth, LLC*, 2019 WL 1507767, slip op. at *5 (N.D. Cal., Apr. 5, 2019) (rejecting a similar allegation as merely conclusory).

Because no factual allegations plausibly suggest Badger was responsible for barriers inside the tavern, or that Gligora was responsible for conditions in the parking lot, claims based on such responsibility are inadequately pled.

Defendants also correctly point out that Langer never entered the tavern, apparently because he found conditions in the parking lot unsatisfactory. Although he now alleges a series of ADA violations inside, the complaint does not allege he knew about them at the time. Rather, the factual allegations imply he did not know about them, and only found out about them later. In other words, Langer does not and likely cannot allege that the barriers he later learned about denied him full and equal access when he visited the tavern. He does not plausibly allege any actual damages, and the Unruh Civil Rights Act does not authorize statutory damages merely because a plaintiff has learned that barriers are present. Cal. Civ. Code § 55.56(f).

Allegations regarding conditions in the parking lot do not adequately show that Langer suffered a concrete injury. The complaint says there is a disabled parking space, but it "had slopes greater than 2.1%." (Compl., ¶ 14.) It also says the parking stall and access aisle "are not level with each other and there are inaccessible slopes in both the access aisle and parking stall." (*Id.*, ¶ 15.) It alleges these conditions caused Langer "difficulty, discomfort, and embarrassment." (*Id.*, ¶ 17.) Confusingly, the complaint also says these problems can be corrected by painting the parking lot and installing signage. (*Id.*, ¶ 30.)

Merely alleging technical violations, even if the violations might affect someone with a similar disability, is not enough to state an ADA or Unruh Act claim. Langer does not allege what difficulty, if any, the slopes created for him. Defendants correctly point out that he does not say whether he was able to park, or if so, what trouble he encountered once parked. Although Langer is not required to explain how he knows the slope exceeds 2.1%, providing this information might help him meet the pleading standard.

Nor does Langer allege how much greater the slopes are than the ADA permits, or how uneven the parking stall and access aisle are. Nor does he allege facts showing that bringing the parking lot into line with the ADA would allow him to use it. By way of illustration, a parking stall and access aisle that are only very slightly uneven, or a slope very slightly greater than 2.1% might make no difference at all to Langer. Furthermore, slopes or other irregularities in parking stalls and parking lots, even if they amount to technical ADA violations, do not necessarily affect someone's ability to park, load, unload, or traverse the parking lot. *See, e.g., Strong v. Johnson,* 2017 WL 3537746, at *2 (S.D. Cal., Aug. 17, 2017) (holding that excessive slopes in areas of a parking space that no one would likely encounter when using the parking space could not serve as the basis for an ADA claim).

///

Finally, Langer's allegations regarding his intent to return are fairly thin. He does not allege he has ever been to the tavern before or explain why he chose to go there as opposed to some other tavern or bar. No facts other than his expressed intent to return at some point suggest a reasonable likelihood he will return. *See Langer v. H&R LLC*, 2018 WL 6039823, at *2 (C.D. Cal., Aug. 13, 2018) (finding allegations of intent to return implausible). *See also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992) (holding that plaintiffs' expressed intent to return "some day" did not support a finding of the actual or imminent injury required for Article III standing).

**Conclusion and Order**

Defendants' motion to dismiss is **GRANTED IN PART**. Langer's ADA claims are **DISMISSED WITHOUT PREJUDICE** for failure to invoke the Court's jurisdiction. His Unruh claims as to conditions inside the tavern are **DISMISSED** for failure to state a claim. Because he has not yet pled a claim over which the Court would have original jurisdiction, the Court cannot exercise supplemental jurisdiction as to his Unruh claims arising from conditions in the parking lot. Those claims are **DISMISSED WITHOUT PREJUDICE**.

If Langer believes he can remedy the defects this order has identified, he may file an amended complaint within **14 calendar days of the date this order is entered in the docket**. His amended complaint must comply with Civil Local Rule 15.1(a) and (c) or it may be stricken. If Langer fails to amend within the time permitted, this action may be dismissed for failure to prosecute or failure to obey the Court's orders.

**IT IS SO ORDERED**.

Dated: May 24, 2019

*[signature]*
Hon. Larry Alan Burns
Chief United States District Judge