# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>BADGER CO., LLC, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 18CV934-LAB (AGS)<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS; AND**<br><br>**ORDER DISMISSING AMENDED COMPLAINT** |

Plaintiff Chris Langer brings claims under the Americans with Disabilities Act (ADA) and California's Unruh Civil Rights Act. His claims arise from conditions in the parking lot outside Dave's Tavern, and conditions he later learned about inside the tavern, which he alleges denied him full and equal access to the tavern, and continue to deter him from returning there.

Defendants moved to dismiss the original complaint, and the Court granted that motion in part. (Docket no. 9.) Langer then filed his amended complaint (the "FAC"), and Defendants again moved to dismiss. The Court's previous order constitutes law of the case. Defendants ask the Court to take judicial notice of matters of public record, including pleadings and orders in certain other ADA cases. The Court **GRANTS** these unopposed requests. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

1

**Legal Standards**

A Rule 12(b)(6) motion tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court need not accept legal conclusions couched as factual allegations. *See Twombly*, 550 U.S. at 555.

Injunctive relief is the sole remedy available to private plaintiffs under the Title III of the ADA. *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1174 (9th Cir. 2010). If the Court lacks jurisdiction to award injunctive relief, it cannot exercise supplemental jurisdiction over Langer's state law claims. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001). The Court is obligated to confirm its own jurisdiction, *sua sponte* if necessary, and to dismiss the complaint if jurisdiction is lacking. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir.2011) (en banc). This means, among other things, that the Court must satisfy itself that all elements of Article III standing are met before allowing the case to proceed. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (discussing injury-in-fact, causation, and redressibility elements of standing).

**Previously-Identified Defects**

The premises in question is identified as "Dave's Tavern," located at 2263 Garnet Avenue in the Pacific Beach neighborhood of San Diego. Defendant Badger Co. allegedly owns the premises, which Defendant Dave Gligora allegedly

leases. The original complaint did not allege facts plausibly suggesting Badger was responsible for conditions inside the tavern, or that Gligora was responsible for conditions in the parking lot. The FAC fails to correct this defect, merely alleging that both parties were engaged in an unspecified joint venture and common enterprise. (FAC, ¶ 6.) Generalized and conclusory allegations of agency or joint venture unsupported by any facts are insufficient. *See Williams v. Yamaha Motor Co. Ltd.,* 851 F.3d 1015, 1025 n.5 (9th Cir. 2017) (citing *Iqbal,* 556 U.S. at 678) (rejecting as insufficient plaintiff's conclusory allegations that defendants were each other's agents and were responsible for each other's acts).

The original complaint identified technical violations in the parking lot, without explaining how they affected Langer or denied him access to the tavern. Among other things, the Court cited its holding in *Strong v. Johnson*, 2017 WL 3537746, at *2 (S.D. Cal., Aug. 17, 2017). The plaintiff in that case had alleged irregularities in the parking lot, but it appeared they were located in places he was unlikely to encounter them or be affected by them, such as underneath his parked vehicle or between his vehicle's front bumper and the curb. In other cases, plaintiffs have brought claims based on violations so slight that either they are within permitted tolerances, or remedying the violations would have no effect on the plaintiffs' access. *See Langer v. Garcia*, 2019 WL 1581407, slip op. at *4 (C.D. Cal., Mar. 8, 2019).

To establish Article III standing to seek injunctive relief, a plaintiff must show that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). Defendants' motion correctly points out that the FAC again fails to allege facts showing that irregularities in the parking lot are likely to affect him. Rather, he alleges that he believed slopes in the parking stall and its access aisle were "not level with each other," and had "significant slopes and swells," including a "a drainage swale that ran right through the reserved parking

stall and its stall." (FAC, ¶ 15.) It is not clear what "not level" and "significant" mean to him; where, relative to his parked vehicle, the drainage swale was; and how it affected him. He conclusorily alleges that the space and access aisle were inaccessible and non-compliant. And he alleges that an investigator later told him that in places (which he does not identify) the parking space has a slopes of up to 15%. (*Id.,* ¶ 17.) Like the original complaint, the FAC points to technical ADA violations, but fails to allege facts showing that they were actual barriers for him.

While insisting on specific factual allegations might seem unnecessary, binding precedent makes clear that a plaintiff must plead facts necessary to standing; courts cannot guess at them. *Chapman*, 631 F.3d at 955 and n.9; *Ivey v. Board of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). *See also Steel Co. v. Citizens for a Better Envt.*, 523 U.S. 83, 96 (1998) (rejecting contention that federal courts can consider the merits of a claim before it is clear the plaintiff's injuries are redressible). These pleading defects are easily remedied, assuming Langer actually does have standing. He is a frequent ADA plaintiff, and is familiar with what he must plead to establish standing.

Because Langer has not pleaded facts — as opposed to labels or conclusions — to show he has standing, the motion to dismiss (Docket no. 12) is **GRANTED IN PART**. The FAC is **DISMISSED WITHOUT PREJUDICE**. Until Langer establishes Article III standing, the Court will not reach the merits.

Langer is a frequent ADA Plaintiff, having filed over 400 cases in this District alone, and over 900 in the Central District. While frequent litigation is not prohibited or even disfavored, at some point the number of allegedly non-compliant defendant businesses being sued raises the question of whether a plaintiff is likely to return to them. Defendants have challenged his representation that he intends to and is likely to return to Dave's Bar. If he is not, he either has no standing to seek injunctive relief or his claim for injunctive relief has become moot. In either case, the Court would have no jurisdiction to grant it.

Before proceeding further, Langer must confirm that he is willing and able to return to Dave's Tavern, and that injunctive relief is still necessary to allow him to do so. If conditions in the tavern or the parking lot have changed such that injunctive relief is either no longer needed or is no longer available, or if Langer no longer intends to return to the tavern, he should dismiss his ADA claims.

If Langer believes he can successfully amend, he must file an *ex parte* motion for leave to do so, which complies with Civil Local Rule 15.1. He may do so within **14 calendar days of the date this order is issued**. His application must be supported by a declaration showing that he still wants and needs injunctive relief. At a minimum, either Langer or someone on his behalf should confirm that Dave's Tavern is still in operation and is still being operated by Gligora.

If Langer needs more time to comply with this order, he should seek it by either joint motion or *ex parte* motion, showing good cause for the extension.

**IT IS SO ORDERED**.

Dated: February 14, 2020

_____
Hon. Larry Alan Burns
Chief United States District Judge